Olive B. Hays v. Commissioner.
Hays v. Commissioner
Docket No. 14080.
United States Tax Court
1952 Tax Ct. Memo LEXIS 229; 11 T.C.M. (CCH) 461; T.C.M. (RIA) 52134; May 12, 1952
*229 In 1921 petitioner and other interested parties entered into an agreement with her stepmother, the widow of petitioner's father, in order to prevent the widow from contesting the will of her deceased husband. To carry out the terms of such agreement, petitioner deeded certain individually owned realty to her daughter in trust, providing for a payment out of trust income of $250 per month to the widow for life. If the income from the trust was, at any time, insufficient to make such payments, petitioner, he son, and her daughter undertook, jointly and severally, to make such payments. Petitioner retained no interest in the property. In 1940, petitioner and her daughter entered into a lease of such property. All expenses for maintenance of the property were paid out of petitioner's personal bank account and all rental income deposited in such account. Payments to the widow were also paid from said account. Held, neither items of income nor expenses resulting from the property held in trust are includible or deductible in petitioner's Federal income tax returns. Held, further, payments to the widow are not deductible by petitioner in the years paid as they were capital expenditures. *230 J. Edmunds Miller, C.P.A., and Ralph Robert Perry, Esq., for the petitioner. William B. Springer, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income and victory tax for the taxable year 1943 in the amount of $615.26. The year 1942 is also involved due to the Current Tax Payment Act of 1943. Petitioner claims an overpayment in income tax for the year 1943 in the amount of $909.98. The issues to be decided are (1) whether the petitioner is entitled to deductions for losses under section 23 (e) (2) of the Code for the years 1942 and 1943 in the respective amounts of $1,653.29 and $1,602.64, and (2) whether *231 petitioner is entitled to deductions for the years 1942 and 1943 for payments made to her father's widow, Zora Byers Johnson, in those years. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. Petitioner is an individual who filed her 1942 and 1943 income tax returns with the collector of internal revenue for the district of Nebraska. Petitioner's father, Abraham M. Byers, (hereinafter referred to as Abraham) died testate on or about January 14, 1920. At the time of his death, he left surviving him his wife, Zora C. Byers, now Zora Byers Johnson, (hereinafter referred to as Zora); his daughter, petitioner herein; a son, Edward P. Byers, who died in 1921; and two grandchildren, the children of petitioner, Frances B. Hays, now Frances Hays Gay (hereinafter referred to as Frances), and Alden M. Hays (hereinafter referred to as Alden). In his last will and testament, Abraham devised and bequeathed to Zora the home in which he and Zora resided, together with the household furniture and furnishings and certain notes aggregating about $15,000, or, if the notes were paid before his death, $15,000 in cash. Such gifts *232 were in pursuance of an antenuptial agreement. Personal property on farms deeded to petitioner before her father's death was bequeathed to petitioner. The remainder of his estate was devised and bequeathed in trust to the Lincoln Trust Company of Lincoln, Nebraska, with certain provisions for distribution of income to specified beneficiaries, including $400 annually to Zora for life; and, after these various payments were made, three-fourths of the remainder of the income was to go to petitioner annually for life. At petitioner's death, the income payable to her was to be paid to her children. Such payment would lapse if either child was dead and become a part of the corpus of the trust. Fifteen years after Abraham's death, the remainder and residue of his estate was to go to his grandchildren equally or to the survivor, if, at that time, all persons entitled to income from the trust were dead. Otherwise, final distribution was not to be made until such persons had died. On October 5, 1920, petitioner, Frances, Alden, and Zora entered into an agreement which referred to the bequests made to Zora and in which the parties agreed that "considering the amount of the estate of the said *233 Abraham M. Byers, deceased, that the bequest to his wife, Zora C. Byers, is insufficient to provide her a comfortable living * * *." In said agreement, which was recorded on May 23, 1921, the Lincoln Trust Company of Lincoln was authorized and permitted as executor and trustee to pay to Zora, in lieu of the $400 annual bequest, the sum of $3,000 annually for her life. Petitioner, Frances, and Alden covenanted and agreed that they would be responsible and liable for the payment of said $3,000 annually, or the sum of $250 monthly commencing February 19, 1920. In consideration for the agreement to pay the $3,000 per year, Zora covenanted and agreed that she would make and execute a will devising and bequeathing the residence and household goods given her under the will to petitioner or to Frances and Alden or the survivor or survivors of them. Zora further agreed that should she sell the property prior to her death she would provide in her will that a sum equal to the value of the property would go to petitioner and Frances and Alden or the survivor or survivors of them. Such agreement further provided that the agreement was a full and complete settlement of the estate of petitioner's *234 father so far as Zora was concerned; and in consideration of said agreement, Zora released and relinquished all her rights, title, interest, claims or demands against the estate except for the $15,000, the house, and its furnishings. On July 7, 1921, petitioner, her husband, James M. Hays, Frances, Alden, and Zora executed a trust deed, recorded on July 28, 1921, providing in part as follows: * * *
"WITNESSETH: "That the parties of the first part [petitioner and her husband], being desirous of establishing, creating and providing the trust herein mentioned for the purposes and on the terms set forth, do hereby give, grant, bargain, sell and convey unto the said trustee [Frances] all that parcel of land situated in Lancaster County, Nebraska, and more particularly described as Lot Nine (9), Block Forty (40) in the City of Lincoln, to have and to hold the granted premises with all the rights and appurtenances thereunto belonging and all the proceeds thereof and income therefrom unto the said trustee, her heirs and assigns, to her and their own use and behoof forever, in trust nevertheless on the terms and for the uses and purposes hereinafter set forth, THAT IS TO SAY. *235 : "1. To hold, manage, rent and lease the said property, collect the rents therefrom and to make all proper and necessary disbursements for the suitable maintenance and upkeep of the said property, including repairs, rebuilding or replacing the structure now on the said property in the event of its partial or total destruction by fire or otherwise. * * *
"3. To pay all taxes and special assessments lawfully levied against the said property. "4. To exercise all the rights of the parties of the first part in the management and control of the said property, subject however: "1. To the payment of Two Hundred Fifty Dollars ($250.00) per month to the beneficiary [Zora] so long as she shall live. "2. To the payment of taxes and special assessments legally levied against said property. "3. To the payment of all expenses of whatsoever kind or character properly incurred in the maintenance in good and tenantable repair of any building or buildings on the said premises. * * *
"6. Should the income from the property be insufficient at any time to make the foregoing monthly payments of Two Hundred Fifty Dollars ($250.00) to the beneficiary so long as she lives, then the *236 said Olive B. Hays, her son Alden F. Hays, and her daughter, Frances B. Hays, hereby undertake for themselves, their heirs, executors, administrators and assigns, jointly and severally, that the said Two Hundred Fifty Dollars ($250.00) shall be paid monthly to the said Zora C. Byers so long as she shall live. "7. Should the said payment of Two Hundred Fifty Dollars ($250.00) per month be in arrears for more than three (3) months, then the said beneficiary may proceed by foreclosure to sell the above described property as under a mortgage and from the proceeds of said sale she shall receive such a sum of money as shall equal the then cash value of the annuity herein created, for the payment of which sum the said parties of the first part hereby give to the said beneficiary a first lien upon the said land, without in any way affecting the liability of the said Olive B. Hays, Frances B. Hays and Alden F. Hays, their heirs, executors, administrators and assigns, for the payment of any deficiency which may arise on such sale, upon condition however, that the said beneficiary by acceptance in writing noted on this instrument waives all rights and claims which she may now have or may hereafter *237 acquire under the statutes of Nebraska or otherwise as surviving widow, against the estate of Abraham M. Byers, deceased, as well as against the other parties to this instrument or any of them so far as the said claims grow out of the settlement of the estate of the said Abraham M. Byers, deceased, and out of any contract, verbal or written, made between the said beneficiary and the other parties to this agreement or any of them, it being the intention of the said beneficiary and of the other parties hereto that the settlement embodied in this deed of trust shall be final as to all such claims and the benefits conferred by this deed of trust are accepted by the said beneficiary in full and final satisfaction of all such claims and in lieu thereof; and the said James M. Hays and Olive B. Hays, for themselves, their heirs, executors, administrators and assigns, covenant with the said grantee, her heirs and assigns, that they are lawfully seized in fee of the granted premises; that they are free from all encumbrances; that they have good right to sell and convey the same as aforesaid; and that they will and their heirs, executors and administrators shall warrant and defend the same to *238 the said grantee, her heirs and assigns forever against the lawful claims and demands of all persons. "In consideration as aforesaid, James M. Hays, husband of the said Olive B. Hays, does hereby release unto the grantee and her heirs and assigns, all right of or to, both courtesy and homestead, in the granted premises. "The remainder in the said above described property shall, on the death of the beneficiary vest in Frances B. Hays and her lawful heirs in fee simple." * * *
Zora complied with the agreement of October 5, 1920, when on July 11, 1921, she and petitioner executed an agreement, which was recorded, providing that Zora had executed and deposited with the County Judge of Douglas County, Nebraska, a will in which she devised the remainder in the residence she had received under Abraham's will to Frances and Alden in fee simple, which she covenanted and agreed not to revoke, alter, or cancel. The agreement also provided that should Zora sell the property she would deposit, in a Trust Company of her own choice, an amount equal to the value thereof to go to Frances and Alden on her death. Zora filed a document, signed by her on December 23, 1921, in the Probate proceeding *239 of Abraham's estate in which she acknowledged full settlement and satisfaction of the widow's allowance given her by the Probate Court. In the order dated April 24, 1922, the County Court of Douglas County, Nebraska, approved the final account of the executor of the estate of Abraham and ordered the executor be discharged upon the execution of a certain deed to petitioner. On July 27, 1940, a lease was entered into with respect to the property which was the subject of the trust deed of July 7, 1921, (hereinafter referred to as the City Building). Such lease was made "by and between Frances B. Hays, Trustee, and Olive B. Hays, of Lincoln, Nebraska, hereinafter called the 'Lessor,'" and the lessee for a term of 10 years commencing September 1, 1940. An annual rental of $5,400 was to be paid, all payments to be made to the Union Bank of Lincoln, Nebraska. In addition to other provisions, it was provided that "The lessor covenant and represent that they have full right and power to execute and perform this lease * * * and further covenant that no one, exclusive of the lessor and lessee, has any interest in, or lien, claim or encumbrance against the premises, or income accruing therefrom. *240 " On her individual 1942 income tax return, petitioner reported the following with respect to the City Building: Rent received in 1942
$3,150.00
Expenses 1942: Taxes - City
$ 563.36
Taxes - County
1,005.82
Insurance
540.81
Amortization of leasehold improvements for new tenant. Total
cost $19,310.90 over 10 year lease commencing 9/1/40
1,931.09
Amortization of improvement taxes assessed by city over period of
10 years: Assessed in 1940 - Water main
$ 8.42
Assessed in 1941 - Sidewalk
89.25
Assessed in 1941 - Repairing
24.40
Total and full year's amortization
$ 122.07
12.21
Depreciation of bldg., built about 1885, value now
over and above the leasehold
Improvements made in 1940
30,000.00
Estimated life from now
40 years
Depreciation at 2 1/2% present value
750.00
Total expenses
4,803.29
NET LOSS FROM CITY BUILDING
$1,653.29
On her individual income tax return for 1943, petitioner reported the following with respect to the City Building: Total receipts
$2,400.00
Expenses 1943: Taxes - City
$ 584.64
Taxes - County
498.43
Insurance
223.52
Amortization of leasehold improvements for new tenant. Total
cost $19,310.90 over 10 year lease commencing 9/1/40
1,931.09
Amortization of improvement taxes assessed by city over period
of above lease: Assessed in 1940 - Water main $ 8.42
$ .84
Assessed in 1941 - Sidewalk 89.25
8.93
Assessed in 1941 - Repairing 24.40
2.44
Assessed in 1943 - Resurfacing 22.04
2.75
Total amortization
$ 14.96
14.96
Depreciation on bldg., built about 1885, value now
over and above the leasehold
Improvements made in 1940
$30,000.00
Estimated life from now
40 years
Depreciation at 2 1/2% present value
750.00
Total expenses
4,002.64
NET LOSS FROM CITY BUILDING
$1,602.64
*241 During 1942 and 1943, the gross rentals of the property which were the subject of the trust deed of July 7, 1921, were $3,150 and $2,400, respectively. In 1940 the sum of $19,310.90 was expended in improving and remodeling said premises. Taxes and insurance paid with respect to such property during the years 1942 and 1943 were as follows: 1942
1943
City Taxes
$ 563.36
$ 584.64
County Taxes
1,005.82
498.43
Insurance
540.81
223.52
$2,109.99
$1,306.59
Rental from the property was deposited in the account of petitioner at the Union Bank, Lincoln, Nebraska, during the years 1942 and 1943. Payments to Zora for the years 1942 and 1943 in the respective amounts of $2,500 and $2,400 were paid out of petitioner's account at the Union Bank. The $19,310.90 expenditure made in 1940 and the taxes and insurance set forth above for the years 1942 and 1943 were also paid out of petitioner's account at the Union Bank. In his deficiency notice, respondent added $1,653.29 to the net income reported by petitioner for the year 1942 which represented a loss claimed by petitioner in her return of that year giving the following explanation: "Title to Lot Nine (9) Block *242 Forty (40) deeded to taxpayer by her father, Abraham Byers, June 16, 1909 was conveyed to daughter, Frances B. Hays-Gay as trustee in a Trust Deed filed for record in Lancaster County Court July 28, 1921. Income and expense from this piece of property is, therefore, properly reportable on a Fiduciary Return, Form 1041, to be filed by trustee, and is hereby deleted from taxpayer's return, Form 1040." Among other adjustments for the year 1943, respondent added $1,602.64 to the net income reported by petitioner in that year which amount represented a loss claimed by petitioner on her return for 1943, giving the following explanation: "Property Lot 9 Block 40 found to be property of Trust created by Trust Deed filed for record in Lancaster County Court July 28, 1921, naming Frances B. Hays-Gay as Trustee. "Items of Income and expense are, therefore, deleted from taxpayers [taxpayer's] return and should be reported on Fiduciary Returns Form 1040 to be filed by trustee." Petitioner filed a claim for refund for the taxable year 1943 claiming a deduction in the amount of $2,400 representing the payments made to Zora during the year 1943. Such payments were reported by Zora in her *243 individual income tax return for that year. Such claim for refund was denied by letter dated February 18, 1947, stating in part as follows: "As a result of the examination * * * it has been determined that a trust was created by you for the benefit of Mrs. Zora C. Johnson, your step-mother, and that the payments made by you for this year were actually payments made by a trust, and in no instance would they represent a deductible item on your income tax return." Opinion RICE, Judge: For the taxable years 1942 and 1943, petitioner has treated items of income and expense in connection with the operation of the City Building as though that property belonged to her individually. The operation of the building resulted in a net loss for each year, and petitioner has claimed the amount thereof as a deductible loss for each year on her individual tax return. Respondent determined that the income and expense items for each year should be reported in a fiduciary return for such year in view of the conveyance of the property in trust. Petitioner argues that the income and expense items were properly reported by her in her individual income tax returns and that the net operating loss for *244 each year is deductible under section 23(e)(2) of the Internal Revenue Code as a loss arising out of a transaction entered into for profit, on the theory that for the term of the lease (under which she was a co-lessor) she was engaged in a transaction entered into for profit. We feel that respondent's approach in the instant case is the correct one. Petitioner, under the terms of the trust, had no right, title, or interest of any kind in the City Building or in any profits arising from its rental. She completely divested herself of such interest upon the execution of the trust deed in 1921. Under the terms of that instrument, Frances received title to the property subject to the trust created under the deed to provide $250 a month to Zora for life. In consideration therefor, Zora agreed not to contest the will of petitioner's father and also agreed to provide in her will that the house and furnishings she had received absolutely under the terms of Abraham's will, or the cash equivalent therefor should she sell such property, would go to petitioner or to Frances and Alden or survivor upon her death. No explanation was offered at the trial why the income from *245 the City Building was deposited in petitioner's personal account nor why she signed the lease as a co-lessor. Petitioner's argument that for the term of the lease she was entitled to profits from the rental income over the amount paid to Zora is not substantiated by the record. While it is true that she guaranteed the payments to Zora if the income from the property should be insufficient to make such payments, she did so jointly and severally with Frances and Alden, her children. There is no showing that Frances assigned her right to the excess income. The fact that all expenses were paid out of petitioner's personal bank account does not change the situation. Such expenditures might be considered either loans to the trust or further contributions to the trust by petitioner to fulfill the obligation she had undertaken as consideration for Zora's agreement not to contest Abraham's will. Under such circumstances we are unable to see how petitioner could have been engaged in a transaction entered into for profit within the meaning of section 23(e)(2) when she conveyed the City Building to a trust, a separate taxable entity. We, therefore, hold that respondent did not err in determining *246 that neither income from, nor expenses applicable to, the City Building trust were includible or deductible in petitioner's individual income tax return. The second issue involves payments made to Zora under the terms of the trust deed. Petitioner, Frances, and Alden, jointly and severally, guaranteed to pay Zora $250 monthly if the income from the trust property was insufficient to make such payments. During 1942 Zora received $2,500, and during 1943 she received $2,400. Such payments were made out of petitioner's personal account. Even assuming that petitioner paid such amounts from her personal income, we fail to find any theory under which such payments would be deductible. They represented amounts paid in consideration that Zora would not contest Abraham's will and, therefore, were payments made to acquire property. As such they were capital expenditures which are not deductible from petitioner's gross income for the years in which paid. The fact that such payments were paid over a period of years, rather than as a lump sum at the time of the settlement does not change the nature of the payments. See Edwin M. Klein, 31 B.T.A. 910 (1934), affd. 84 Fed. (2d) 310 *247 (C.A. 7, 1936). Decision will be entered for the respondent.